CAUSE NO. _____

| | | |
|---|---|---|
| SANTE SANTHANAM CHARY | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CENTRAL MORTGAGE | § | COLLIN COUNTY, TEXAS |
| COMPANY | § | |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE PRESIDING:**

COMES NOW, Plaintiffs Sante Santhanam Chary, and files this Original Complaint against Central Mortgage Company and for causes of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual who resides at 3109 Sleepy Hollow Drive, Plano, Texas 75093 in Collin County, Texas.

2. Defendant, Central Mortgage Company, is a foreign entity doing business under the laws of the State of Texas. Service of process may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code by serving its president, vice-president or secretary of treasury at the company headquarters located at 801 John Barrow Road, Suite 1, Little Rock, Arkansas 72205. Service on this Defendant may be effected by personal service or Certified Mail Return Receipt Requested.

3. Plaintiff intends to conduct discovery under Level 3.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the Defendant as a foreign entity which conduct business in Collin County, Texas. Defendant has established minimum contacts within the State of Texas. This Court has personal jurisdiction because the property which is the subject of this litigation is located in Collin County, Texas and Defendant is doing business in same. Furthermore, the subject matter in controversy is within the jurisdictional limits of this Court.

5. Venue is proper in Collin County, Texas pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.001 of the Texas Civil Practice and Remedies Code because this action involves real property located in Collin County, Texas.

## RELEVANT FACTS

6. The subject matter of this lawsuit is the real property and the improvements thereon located at 3109 Sleepy Hollow Drive, Plano, Texas 75023, more particularly described as Lot 6 in Block B of Whispering Willow Estates, an Addition to the City of Plano, Collin County, Texas according to the Revised Plat recorded in Volume F, Page 291, Map Records of Collin County, Texas (hereinafter, the "Property").

7. On or about November 30, 2006, Plaintiff executed a Texas Home Equity Security Instrument (hereinafter, "THESI") in favor of Willow Bend Mortgage Company said documents being secured by the Property. An "Assignment of the THESI" ("Assignment") was filed with the Collin County Clerk on March 5, 2012. The Assignment purportedly assigned the Note and the THESI from MERS to the Defendant, Central Mortgage Company (hereinafter "CMC"). CMC has acted as servicer of the Note and as such, has represented and taken actions on behalf of itself and

other purported owners of the Note and/or the THESI. Defendant, CMC, filed an application under Rule 736 of the TRCP with the Collin County Clerk and is attempting to invoke the power of sale and foreclose on the Property.

8.     Plaintiff has been in loss mitigation negotiations with the Defendant to bring the loan current. Instead of following proper procedures pursuant to the Texas Property Code as well as the THESI, CMC failed to send a notice of default, provide the opportunity to cure, notice of intent to accelerate the debt and notice of acceleration of debt. CMC's failure to provide the statutory mandated notices deprives Chary of his due process rights and the opportunity to cure.

## FIRST CAUSE OF ACTION
## IMPROPER NOTICE OF DEFAULT/NOTICE OF ACCELERATION

9.     To the extent and not inconsistent herewith, Plaintiffs incorporate by reference the allegations in paragraphs 1 through 8 as if set forth fully herein.

10.    Plaintiffs have not been afforded an accurate amount to cure the default within the statutorily proscribed time of twenty days. Furthermore, Defendants failed to send the required federal fair debt collection practice act letter at least 30 days prior to the scheduled foreclosure date. Texas Courts have held that since acceleration is such a harsh remedy that it deserves close scrutiny. See Davis v. Pletcher, 727 SW2d 29, at 35 ( Tex. App.-San Antonio, 1987, no writ). Close scrutiny will show the notices provided by Defendants are insufficient under Texas law. If the note secured by the property is an installment note payable in periodic payments, acceleration of an installment debt requires demand be made and an opportunity to cure the default be given. If the notice does not inform prospective bidders of the terms, conditions and amounts of the outstanding indebtedness,

it can be argued the notice is ipso facto invalid. Even strong supporters of creditor's rights suggest the better practice if to detail the default to the extent necessary to provide the mortgagor with an opportunity to cure in the notice of sale. See Baggett, Texas Foreclosure Law and Practice, Section 2.27 (1984).

11. Pursuant to the Section 51 of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the marturity of the debt, the notice must unequivocably inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged deficiency must be cured; otherwise, the loan will be accelerated, and the property will go to foreclosure. Prior to foreclosure action, the note holder MUST give the homeowner clear and unequivocal acceleration notice. CMC failed to do that in this instance, instead they sent only the Notice of Sale following the order of the Court in the 736 petition.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

12. To the extent and not inconsistent herewith, Plaintiffs incorporate by reference the allegations in paragraphs 1 through 11 as if set forth fully herein.

13. The actions committed by Defendants constitute a breach of contract because:
    A. There exists a valid, enforceable contract between the parties;
    B. Plaintiff has standing to sue for breach of contract;
    C. Plaintiffs performed, tendered performance or were excused from performing his contractual obligations;
    D. Defendant breached the contract;
    E. The breach of contract by Defendants caused injury to Plaintiffs

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALINGS

14. To the extent and not inconsistent herewith, Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 as if set forth fully herein.

15. Defendant unilaterally interfered with Plaintiff's right to cure the default under the note by failing to timely provide an accounting of sums owed and the amount required to cure. Plaintiff made multiple inquiries into the amount required to bring the account current, to include the submission of a Qualified Written Request pursuant to the federal Real Estate Settlement Practices Act ("RESPA"). Defendant has failed to provide either an appropriate accounting or the response required by law to be submitted in response to a Qualified Written Request.

16. Section 1.203 of the Texas Uniform Commercial Code imposes an implied covenant of good faith and fair dealing on every promissory note. This obligation of good faith requires not only that good faith be evidenced but that a standard of commercial reasonableness be observed. Since the promissory note is the underlying basis of the entire loan agreement between the parties, such obligation permeates all of the dealings between lender and borrower. The security instrument merely elaborates on the underlying obligation of the promissory note. Many lenders have looked to *English v. Fischer*, 660 SW2d 521 (Tex. 1983) as authority that Texas does not recognize the implied covenant of good faith and fair dealings. It is important however to note the Court did not find the existence of the implied covenant in that particular circumstance. In fact Justice Spears elaborated on the potential applicability of the implied covenant in his concurring opinion, stating "I would note, however, that Texas courts have read a duty of good faith and fair dealing into many types of contractually-based transactions. The common thread among the cases in which courts have done so is a special relationship between the parties to the contract. That special relationship either arises from the element of trust necessary to accomplish the goals of the undertaking, or has been imposed by the courts because of an imbalance of bargaining power." Clearly such an "imbalance of bargaining power" exists in this instance.

17. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in a total amount to be determined at trial.

18.     Plaintiff accordingly seeks the relief set forth herein.

## FOURTH CAUSE OF ACTION
## VIOLATION OF RESPA/REGULATION X

19.     To the extent and not inconsistent herewith, Plaintiffs incorporate by reference the allegations in paragraphs 1 through 18 as if set forth fully herein.

20.     Mortgage servicers are prohibited from dual-tracking.  Therefore, a loan servicer is prohibited from conducting or threatening to conduct a foreclosure sale during the pendency of loss mitigation procedures.  As such, the actions committed by CMC are a violation of RESPA because:

      A.     Plaintiff was working with CMC pursuing loss mitigation options;

      B.     During the same time, CMC took affirmative steps to further the foreclosure process by posting the Property for foreclosure sale.

## FIFTH CAUSE OF ACTION
## VIOLATION OF TEXAS FAIR DEBT COLLECTION PRACTICES ACT

21.     To the extent and not inconsistent herewith, Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if set forth fully herein.

22.     Defendant's attempts at non-judicial foreclosure constitute a violation of State versions of the Fair Debt Collection Practices Act.  To maintain a cause of action for unfair debt collection in Texas, the respective Act provides that (1) Defendant is a debt collector; (2) Defendant committed a wrongful act in violation of the statute; (3) the wrongful act was committed against the Plaintiffs; and (4) Plaintiffs were injured as a result of the wrongful act.  This case satisfies all of these requirements.  First, the Defendant qualifies as a debt collector under the definition in Section 392.001(6) of the Texas Finance Code.   The alleged wrongful act is the attempted collection of a disputed debt via unconscionable means.  As a result of Defendant's wrongful act, Plaintiffs have suffered injury and slander to their title which has caused them damage.

## DAMAGES

### ACTUAL DAMAGES

23. The Plaintiff is entitled to recover its actual damages from Defendant for which the Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

### EXEMPLARY DAMAGES

24. Plaintiff is entitled to recover its exemplary damages from Defendant for which Plaintiff pleads in an amount not to exceed the jurisdictional limits of this Court.

### ATTORNEY'S FEES

25. Plaintiff is forced to employ the undersigned attorney to represent it and have agreed to pay a reasonable attorney's fee for the services of the Law Office of Kerry Prisock. Plaintiff is entitled to recover its reasonable attorney's fees pursuant to Chapters 37 and 38 of the Texas Practices & Remedies Code.

### REQUEST FOR DISCLOSURES

26. Defendant is hereby requested to disclose to Plaintiff within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

    A.    Defendant be cited to appear and answer herein;

    B.    final hearing or trial hereof, Plaintiff be awarded judgment against Defendant as follows:

        1.    Declaring the Defendant failed to provide proper notice pursuant to the Texas Property Code;

        2.    Actual damages, exemplary damages, reasonable attorney's fees and all costs of court;

        3.    Pre- and post-judgment interest at the maximum rate allowed by law; and

        4.    Such other and further relief, both general and special, at law or in equity, to which the Plaintiff may be entitled.

Respectfully submitted this the 2nd day of November 2019

*Kerry L. Prisock*
Kerry L. Prisock
State Bar Number 24082005
Post Office Box 1051
Rockwall, Texas 75087
Telephone: 214-632-3823
Facsimile: 469-252-7496
kprisocklegal@sbcglobal.net
ATTORNEY FOR PLAINTIFF

## VERIFICATION

STATE OF TEXAS §

COUNTY OF COLLIN §

Before me, the undersigned authority, on this day personally appeared Sante Chary known to me to be the person whose name is subscribed hereto and upon oath deposes and says that the following matters are personally known to her and are true and correct as therein stated:

1. I have read the entire Plaintiff's Original Petition and Request for Disclosures prepared on my behalf by my attorney, Kerry Prisock, and all facts and allegations contained therein are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____

Sante Chary

## ACKNOWLEDGMENT

STATE OF TEXAS §

COUNTY OF COLLIN §

SWORN OR AFFIRMED AND SUBSCRIBED BEFORE ME, the undersigned authority, on this day personally appeared Sante Chary, known to me to be the person whose name is subscribed to the foregoing instrument and further acknowledged to me that the facts and matters set forth therein are true and correct as stated and that he executed the same on the date set forth below..

Given under my hand and seal of office this 2nd day of November 2019.

NOTARY PUBLIC, STATE OF TEXAS

ZULFIQAR JIWANI
My Notary ID # 12098115
Expires September 15, 2020